UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO L. CALDERON,<br>   Plaintiff,<br><br>   v.<br><br>THOMAS DICKHAUT,<br>SUPERINTENDENT, SOUZA<br>BARANOWSKI CORRECTIONAL<br>CENTER, ET AL.<br>   Defendants. | )<br>)<br>)<br>)<br>)  C.A. No. 11-11164-JLT<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

TAURO, D.J.

### BACKGROUND

On June 17, 2011, Plaintiff Antonio L. Calderon ("Calderon"), a prisoner in custody at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts, filed this civil rights action. Calderon challenges a double-bunking policy (which allegedly created a violent atmosphere in the prison facility, leading to his assault), as well as alleged errors in his classification to a maximum security facility instead of a medium-security facility. He also asserts the Defendants failed to intervene to protect him from assault and abuse by co-inmates.

On July 6, 2011, this Court issued a Memorandum and Order (Docket No. 5) granting Calderon's Motion for Leave to Proceed *in forma pauperis* and assessing his filing fee obligations under the Prison Litigation Reform Act ("PLRA"). See 28 U.S.C. § 1915(b) (providing the method for calculating assessment and collection of a prisoner filing fee). This Court also directed Calderon to demonstrate good cause why this action should not be dismissed in light of the various legal impediments discussed in the Memorandum and Order, and to file an Amended Complaint curing the pleading deficiencies, within 42 days.

In response, on August 8, 2011, Calderon filed a Stipulation of Dismissal (Docket No. 7)

stating that he no longer wished to proceed with this civil action. He also requested that no other charges be made to his inmate personal account. He was charged an initial fee of $42,30 on July 15, 2011, he seeks a cancellation of the remainder of the filing fee owed.

DISCUSSION

I.   The Request to Cancel Calderon's Filing Fee Obligations

In enacting the PLRA, Congress has left little discretion to the courts in this area. Under 28 U.S.C. § 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). Accordingly, this Court is required to assess an initial partial filing payment and collect subsequent payments on an incremental basis "until the filing fees are paid." 28 U.S.C. § 1915(b)(1), (2). See Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits....Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility." (internal citation omitted)), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

One of the purposes of the filing fee requirement of the PLRA – to reduce frivolous lawsuits -- would be frustrated if a prisoner were able to obtain a waiver of the filing fee in whole or part. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) ("The Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321, enacted in April 1996, contains provisions that should discourage prisoners from filing claims that are unlikely to succeed. Among the many

new changes relating to civil suits, the statute requires all inmates to pay filing fees ...."); Hall v. United States, 91 Fed. Cl. 762, 678 (2010) ("By enacting section 1915, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." (internal quotation marks omitted)); Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (fee provisions of the PLRA are intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." (internal quotation marks omitted)).

In other words, a waiver of the filing fee obligations would allow a prisoner, unlike other litigants, to "test the waters" regarding the merits of any case without the adverse financial consequences associated with the filing fee. Here, Calderon has engaged the District Clerk's resources of the Court by filing the case and other pleadings; he has engaged the resources of the Court in reviewing and preparing the Memorandum and Order after a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and in reviewing and preparing this Memorandum and Order.

The filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly. There is no basis to relieve any prisoner plaintiff, including Calderon, of the consequences of an improvident filing because upon reflection, he decides he would like to use the monies which will be applied to his filing fee in some other manner.

Here, Calderon does not allege that collection of the assessed filing fee pursuant to the methodology set forth in 28 U.S.C. § 1915(b) would cause an undue hardship on him. Congress's methodology for collection of the filing fee ensures that not all funds from a prisoner

account will be collected to satisfy a prisoner's filing fee obligations; thus, a prisoner would have funds remaining in an inmate account available for purchase of necessities in prison. Further, as a factual matter, Calderon's prison account statement submitted with his Complaint indicates that he had $244.48 in his personal account, as well as $228.83 in his savings account. In light of this, the Court cannot find that Calderon would suffer any undue hardship by collection of the filing fee.[1]

For all of these reasons, this Court <u>DENIES</u> Calderon's request to vacate the filing fee assessment against him, in any respect.

II.     The Request to Voluntarily Dismiss

In light of the ruling denying the request to void the filing fee assessment, Calderon now is faced with two options.[2] He may choose to file a Notice of Voluntary Dismissal if he does not intend to prosecute his claims. Alternatively, Calderon may choose to continue prosecution of this action by submitting a show cause response to the prior Memorandum and Order within 30 days from the date of this Memorandum and Order. <u>In either case, the filing fee obligations as previously assessed will remain in effect.</u>[3]

---

[1] Even if Calderon lacked funds to pay the filing fee, this would not provide a basis to vacate the assessment. Section 1915(b)(1) of Title 28 mandates "assessment" of the filing fee, but "collection" of the assessed fee "when funds exist." 28 U.S.C. § 1915(b)(1).

[2] Because Calderon's motion to voluntarily dismiss contained a contingency (a fee waiver), this Court will not deem the motion to constitute a Notice of Voluntary Dismissal.

[3] Should Calderon dismiss this action upon a Notice of Voluntary Dismissal, the dismissal would not count as a "strike" against him pursuant to the three-strikes rule of 28 U.S.C. § 1915(g) (providing that a prisoner is ineligible for *in forma pauperis* status if he/she has had three or more cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted), because this Court would make no further determination on the merits of this case; however, should this action be dismissed for the reasons set forth in the Memorandum and Order (Docket No. 4) (*i.e.,* on the merits), this case might count as a "strike" against Calderon under that provision.

Any Notice of Voluntary Dismissal shall be filed within 30 days of the date of this Memorandum and Order.

Failure to comply with the directives contained herein will result in a dismissal of this action.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's request for a waiver of the filing fee assessment previously ordered by this Court in accordance with 28 U.S.C. § 1915(b), contained in his Stipulation of Dismissal (Docket No. 7) is DENIED;

2. The Court will not construe Plaintiff's Stipulation of Dismissal (Docket No. 7) as a Notice of Voluntary Dismissal because of the contingency request for a fee waiver contained therein; and

3. Within 30 days of the date of this Memorandum and Order, Plaintiff shall file either a Notice of Voluntary Dismissal (without any contingent requests) or a Show Cause Response demonstrating why this action should not be dismissed for the reasons set forth in the Memorandum and Order (Docket No. 5), along with an Amended Complaint, failing which, this action shall be dismissed.

SO ORDERED.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: August 17, 2011