UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTONIO L. CALDERON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 11-11164-JLT |
| THOMAS DICKHAUT, | ) | |
| SUPERINTENDENT, SOUZA | ) | |
| BARANOWSKI CORRECTIONAL | ) | |
| CENTER, ET AL. | ) | |
| Defendants. | ) | |

<u>MEMORANDUM AND ORDER</u>

TAURO, D.J.

On June 17, 2011, Plaintiff Antonio L. Calderon ("Calderon"), a prisoner in custody at

the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts, filed this civil

rights action challenging a double-bunking policy (which allegedly created a violent atmosphere

in the prison facility, leading to his assault), as well as alleged errors in his classification to a

maximum security facility.  He also asserted the Defendants failed to intervene to protect him

from assault and abuse by co-inmates.

On July 6, 2011, this Court issued a Memorandum and Order (Docket No. 5) granting

Calderon's Motion for Leave to Proceed *in forma pauperis* and assessing his filing fee

obligations under the Prison Litigation Reform Act.  This Court also directed Calderon to

demonstrate good cause why this action should not be dismissed in light of the various legal

impediments discussed in the Memorandum and Order, and to file an Amended Complaint

curing the pleading deficiencies, within 42 days.

In response, on August 8, 2011, Calderon filed a Stipulation of Dismissal (Docket No. 7)

stating that he no longer wished to proceed with this civil action.  He also requested that no other

charges be made to his inmate personal account.  He was charged an initial fee of $42,30 on July

15, 2011, he seeks a cancellation of the remainder of the filing fee owed.

On August 17, 2011, this Court issued a Memorandum and Order (Docket No. 8) rejecting the Stipulation of Dismissal because it appeared to be contingent upon the Court's order waiving the filing fee assessment.  Calderon was directed either to file an unconditional Notice of Voluntary Dismissal or, in the alternative, a show cause response and an Amended Complaint curing the pleading deficiencies.

On August 23, 2011, Calderson filed an unconditional Stipulation of Dismissal (Docket No. 9), and this action was terminated as a pending action on the Court's dockets.

Thereafter, on September 12, 2011, Calderon filed a Letter (Docket No. 10) seeking to know why his prison account was being charged, noting that on September 1, 2011, he was charged another $20.00 from his prison funds.  He seeks to know whether he still needs to pay even after this case was closed.

As this Court addressed in detail in the Memorandum and Order (Docket No. 8), there is no basis for the grant of any waiver of the filing fee assessment made pursuant to the Prison Litigation Reform Act.[1]  To reiterate the crux of that Order, Calderon may not "test the waters" of his claims without any adverse consequences.  He has engaged the District Clerk's resources of the Court by filing the case and other pleadings; he has engaged the resources of the Court in reviewing and preparing the Memorandum and Order after a preliminary screening pursuant to

---

[1]See Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits....Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels payment of the respective fees at the moment the complaint or notice of appeal is filed.  Any subsequent dismissal of the case does not negate this financial responsibility." (internal citation omitted)), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

2

28 U.S.C. § 1915(e)(2) and § 1915A, and in reviewing and preparing the August 17, 2011 Memorandum and Order, and this Memorandum and Order.  Again, there is no basis to relieve any prisoner plaintiff, including Calderon, of the consequences of an improvident filing because upon reflection, he decides he would like to use the monies which will be applied to his filing fee in some other manner.

For all of these reasons, this Court DECLINES to take any action to alter Calderon's filing fee obligations assessed in this action.  He remains obligated to pay the full filing fee of $350.00 through installments from his prison account, notwithstanding that this case is closed.

This case remains closed.  In order to ensure that scarce judicial resources are not wasted, Calderon is PROHIBITED from filing any further requests for relief from his filing fee obligations.


SO ORDERED.


/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: September 15, 2011